UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No.  8:21-cv-00316-JLS-KES                                              Date: October 05, 2021
Title:  Andrew Leigh v. FCA US LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION TO REMAND (Doc. 23)**

Before the Court is Plaintiff Andrew Leigh's Motion to Remand.  (Mot., Doc. 23.) Defendant FCA US LLC ("FCA") opposed, and Leigh replied.  (Opp., Doc. 31; Reply, Doc. 33).  The Court took this matter under submission.  (Doc. 35.)  For the following reasons, the Court GRANTS Plaintiff's Motion.

## I.    BACKGROUND

On October 24, 2019,[1] in the Superior Court of California (County of Orange), Leigh filed a First Amended Complaint ("FAC") against FCA and Lithia Motors, Inc. d/b/a DCH Chrysler Dodge Jeep Ram Fiat of Temecula[2] ("DCH").  (Declaration of Eric D. Sentlinger ¶ 5 ("Sentlinger Decl."), Doc. 2; Ex. B (FAC), Doc. 2-1.)   Leigh is a resident of California.  (Ex. B ¶ 2 (FAC), Doc. 2-1.)  DCH is a "business entity organized and in existence under the laws of the State of California."  (*Id.* ¶ 5.)  FCA "is a

---

[1] The state action was originally commenced on June 28, 2019.  (Notice of Removal ¶ 2, Doc. 1.)

[2] Defendant contends that the correct name is "DCH Temecula Motors LLC dba DCH Chrysler Jeep Dodge Fiat of Temecula."  (Sentlinger Decl. ¶ 5, Doc. 2.)

**CIVIL MINUTES – GENERAL**                                                                                     1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00316-JLS-KES                                   Date: October 05, 2021
Title:  Andrew Leigh v. FCA US LLC et al

corporation organized and in existence under the laws of the State of Delaware." (*Id.* ¶ 4.)

In the FAC, Leigh alleges that "[o]n or about March 3, 2012," he "purchased from DCH a new 2012 Jeep Patriot . . . , which was manufactured and or distributed by FCA." (Ex. B ¶ 7 (FAC), Doc. 2-1.)  Leigh alleges that "[d]uring the warranty period," however, "the Subject Vehicle contained or developed defects" that "substantially impair[ed] the use, value, or safety of the Subject Vehicle." (*Id.* ¶ 9.)  After several repair attempts by DCH to no avail, Leigh "requested a repurchase of the Subject Vehicle and/or restitution from FCA, which . . . was denied." (*Id.* ¶ 78.)  Accordingly, Leigh brought suit asserting six causes of action:  (1) five causes of action under California's Song-Beverly Consumer Warranty Act (the "Act") against FCA, including one cause of action for breach of the implied warranty of merchantability against FCA and DCH; and (2) a cause of action against FCA for fraudulent inducement.  (*Id.* ¶¶ 97-136.)

As a result of the alleged violations, Leigh states that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (*Id.* ¶ 10.)  He also seeks a "civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c)" due to FCA's willful actions.  (*See*, *e.g.*, *id.* ¶ 100.)  FCA alleges that Leigh suffered "actual damages of" $29,331.04—a figure that FCA contends represents the vehicle's "purchase price." (Notice of Removal ¶¶ 26-27, Doc. 1; Sentlinger ¶ 25 (noting that "[t]he 'actual price' was calculated by taking the figure labeled as 'Total Down Payment' and 'Amount Financed' in Plaintiff's Retail Installment Sales Contract as follows:  $0.00 (Total Down Payment) + $29,331.04 (Total Loan Payments) = $29,331.04 ('actual price')," Doc. 2.)

On January 22, 2021, Plaintiff dismissed Defendant DCH from the state-court action. (Sentlinger Decl. ¶ 7.)  On February 17, 2021, FCA removed the action to this Court based on diversity jurisdiction.  (Notice of Removal, Doc. 1.)   Leigh filed this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00316-JLS-KES                                    Date: October 05, 2021
Title:  Andrew Leigh v. FCA US LLC et al

motion to remand more than 30 days after FCA filed its Notice of Removal arguing that "FCA's Notice of Removal does not establish the amount in controversy exceeds $75,000" and FCA's Notice of Removal is untimely as FCA "filed its Notice of Removal in this case based on diversity jurisdiction more than one year after Plaintiff commenced this suit in state court on June 28, 2019." (Mem. at 4, 12, Doc. 23-1; Mot., Doc. 23.)

## II.     LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).

## III.    DISCUSSION

Leigh argues that the Court should remand this action because:  (1) "FCA's Notice of Removal does not establish the amount in controversy exceeds $75,000" and (2) FCA Notice of Removal is untimely as FCA filed the "Notice of Removal in this case based on diversity jurisdiction more than one year after Plaintiff commenced this suit in state court on June 28, 2019." (Mem. at 4, 12, Doc. 23-1.)   As the Court finds that FCA has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00316-JLS-KES                       Date: October 05, 2021
Title: Andrew Leigh v. FCA US LLC et al

established that the amount in controversy exceeds $75,000 by a preponderance of the evidence, the Court does not reach Leigh's second argument.

Leigh argues that the Court should remand this action because FCA has not established diversity jurisdiction. A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332. Leigh does not contest that the parties are diverse; rather, he challenges whether FCA has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018); *see also Theis Rsch., Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005) ("[T]he amount at stake in the underlying litigation . . . is the amount in controversy for purposes of diversity jurisdiction"). "If it is unclear what amount of damages the plaintiff has sought … then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (emphasis omitted). The "proper burden of proof" in cases where the "complaint is unclear and does not specify 'a total amount in controversy,'" as is the case here,[3] "is proof by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

---

[3] In the FAC, Leigh alleges that he "suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." (Ex. B ¶ 10 (FAC), Doc. 2-1.) However, the FAC does not make clear whether "damages" refers to actual damages or the total damages Leigh seeks in this case. "Defendant's assertion that these damages refer only to actual damages is only an assumption" and "because removal jurisdiction is strictly construed against removal, the Court is not persuaded by Defendant's reading of the Complaint." *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter*, 582 F.3d at 1042 (courts are to "resolve[] all ambiguity in favor of remand to state court").

**CIVIL MINUTES – GENERAL**                                4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00316-JLS-KES  Date: October 05, 2021
Title: Andrew Leigh v. FCA US LLC et al

    Here, FCA has failed to establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Under the Act, damages are measured by the "amount equal to the purchase price paid by the buyer, *less that amount directly attributable to use by the buyer* prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1) (emphasis added); *see also* Cal. Civ. Code § 1793.2(d)(2). "The Act provides a specific formula to calculate this reduction based on the vehicle's mileage prior to the buyer first delivering it for repair." *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020). FCA contends that the amount in controversy requirement has been met because Leigh suffered "actual damages" under the Act of $29,331.04—the purchase price of the vehicle—"plus $58,662.08 as a double civil penalty." (Notice of Removal ¶ 27, Doc. 1.) However, FCA's purchase price contentions are unsupported because it does not consider mileage attributable to Plaintiff, as mandated by the Act. *See Chavez*, 888 F.3d at 418 ("[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails."). Indeed, FCA provides no support for their contention that Plaintiff would be entitled to recover the entire purchase price of the vehicle.

    Specifically, FCA contends that it need not consider a mileage offset in its amount in controversy calculation. (Opp. at 7-8, Doc. 31.) However, the Ninth Circuit has stated that consideration of "[u]se [o]ffset[s]" are "appropriate" under the Act because "an estimate of the amount in controversy must be reduced if 'a specific rule of law of damages limits the amount of damages recoverable.'" *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018); *see also id.* ("[A]n estimate of the amount in controversy must be based on the applicable 'measure of damages,' not on what a plaintiff requests in a complaint."). FCA's failure to consider offsets in its calculations is telling in this case, as the vehicle—initially bought new in 2012—had accumulated at least 92,527 miles by September 8, 2017. (Ex. B ¶ 76 (FAC), Doc. 2-1.) Relatedly, FCA's estimate of civil penalties in this case are also unsupported and speculative given that civil penalties under the Act are based on actual damages. *See* Cal. Civ. Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00316-JLS-KES                         Date: October 05, 2021
Title:  Andrew Leigh v. FCA US LLC et al

§ 1794(c) (providing that "a civil penalty . . . shall not exceed two times the amount of actual damages"); *see also Berger v. Mercedes-Benz USA, LLC*, 2021 WL 3013915, at *3 (C.D. Cal. July 15, 2021) ("In this case, because Defendant has failed to establish the amount of actual damages, Defendant has also failed to adequately demonstrate the potential civil penalty.").  By failing to consider how the mileage offset impacts its calculations, as required under the Act, FCA has failed to meet its burden of showing that removal was proper in this case.

Lastly, FCA's arguments that it can demonstrate that the amount in controversy exceeds $75,000 based on potential attorney's fees also fails.  FCA cites to other cases as support for its argument that a court would award an attorney's fees award "well in excess" of "$45,503."  (Opp. at 10, Doc. 31).  However, FCA has failed to explain how those cases are similar to this case or why an award "well in excess" of $45,503 is appropriate here.  *See Berger*, 2021 WL 3013915, at *3.  Therefore, FCA's estimate of attorneys' fees are similarly unsupported.

**IV.  CONCLUSION**

For the above reasons, the Court GRANTS Plaintiff's Motion to Remand.  This action is hereby REMANDED to the Superior Court of California (County of Orange), Case No. 30-2019-01080096-CU-BC-CJC.

Initials of Deputy Clerk: mku